UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00050-GNS

NUTRAMAX LABORATORIES, INC.                                                                      PLAINTIFF

v.

OPTIMUM SUPPS NUTRITION                                                                          DEFENDANT

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment (DN 23). The motion is ripe for adjudication.

**I.   BACKGROUND**

Plaintiff Nutramax Laboratories, Inc. ("Nutramax") is the owner of several U.S. patents, including Patent No. 10,583,178, Patent No. 10,960,057, and Patent No. 11,654,186 (collectively, "Asserted Patents"). (Compl. ¶¶ 20-38, DN 1; Compl. Ex. 6, DN 1-6; Compl. Ex. 7, DN 1-7; Compl. Ex. 8, DN 1-8). Nutramax filed this patent infringement action against Defendant Optimum Supps Nutrition ("Optimum") and others relating to the manufacture, import, and sale of Liposomal Sulforaphane products. (Compl. ¶¶ 2-6, 39-40). Liposomal Sulforaphane products are being sold through a hidden network of online storefronts, including on Amazon.com and Gosupps.com. (Compl. ¶¶ 41-47).

After Optimum failed to respond, a clerk's entry of default was entered against Optimum. (Clerk's Entry Default, DN 18). Nutramax has moved for default judgment against Optimum and seeks a permanent injunction as the only remedy. (Pl.'s Mot. Default J., DN 23).

**II.   JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

1

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 55, a clerk's entry of default may be entered against a party that fails to defendant an action, and a court may then enter a default judgment against the defaulting party. *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (internal citation omitted). "Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint . . . ." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Hicks v. Smith*, No. 3:17-CV-251-CHB, 2020 WL 5824030, at *1 (W.D. Ky. Sept. 30, 2020) (quoting *Anderson v. Johnson*, 194 F.3d 1311, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999)).

In determining whether to grant a default judgment, the relevant factors include: "(1) "possible prejudice to the plaintiff;" (2) "the merits of the claims;" (3) "the sufficiency of the complaint;" (4) "the amount of money at stake;" (5) "possible disputed material facts;" (6) "whether the default was due to excusable neglect;" and (7) "the preference for decisions on the merits." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-CV-54-REW, 2020 WL 6302650, at *2 (E.D. Ky. May 4, 2020) (quoting *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002)).

### IV. DISCUSSION

Under the applicable standards, the factual allegations and exhibits entitle Nutramax to a default judgment against Optimum as discussed below. The unchallenged facts establish the patent infringement claim.

A.     **Patent Infringement**

In relevant part, the Patent Act provides that "[e]xcept as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To establish a patent infringement claim, a plaintiff must: "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

Because an entry of default has been entered, Optimum is bound to the factual allegations in the Complaint. Nutramax is the owner of the Asserted Patents. (Compl. ¶¶ 20-38; Compl. Ex. 6, DN 1-6; Compl. Ex. 7, DN 1-7; Compl. Ex. 8, DN 1-8). Optimum has developed, manufactured, imported, and offered to sell, sold and used nutritional supplements including Liposomal Sulforaphane products in the United States. (Compl. ¶ 39). These actions are taken through a network of hidden online storefronts, including on the Amazon.com as "Optimum Supps Nutrition" and on the Gosupps online storefront. (Compl. ¶¶ 41-47). These actions infringe upon Nutramax's Asserted Patents in the United States in violation of 35 U.S.C. § 271(a). Because Nutramax has established the necessary elements of its patent infringement claim, it is entitled to default judgment against Optimum for the infringement of the Asserted Patents.

Applying the seven factors discussed above, Nutramax is entitled to a default judgment. The Complaint's well-pleaded allegations establish Optimum's liability, and the exhibits reflect that the claim is meritorious. Assuming the accuracy of the proof in the record, it is difficult to

3

discern any potential disputed fact. Optimum has failed to respond or provide any explanation for its failure to participate in this litigation. The ongoing harm caused by Optimum's infringement of the Asserted Patents through its Liposomal Sulforaphane products is a significant factor. While there is a preference for the resolution of cases on the merits, Optimum's continued failure to participate in this matter dictates that a default judgment is warranted.

### B. Permanent Injunction

In seeking a default judgment against Optimum, Nutramax requests a permanent injunction. (Pl.'s Mot. Default J. 6-7). Because a patent holder's right to exclude others ceases when the patent expires, the Court will construe Nutramax's request as seeking to enjoin further infringement during the life of its patents. *See Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451 (2015) (citing *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230 (1964)).

Under 35 U.S.C. § 283, a court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." To obtain a permanent injunction, Nutramax must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court . . . ." *Id.*

As to the first factor, the record reflects that Nutramax will suffer irreparable harm without an injunction. Liposomal Sulforaphane products are being sold online through a network of hidden online storefronts, and without a permanent injunction, the infringement will likely continue

unabated.[1]  Similarly, monetary damages are inadequate to compensate Nutramax for its injury because of the likelihood of continued infringement of the Asserted Patents by Optimum absent injunctive relief.  The balance of hardships also favors Nutramax because Optimum has no legally legitimate interest in continuing to infringe upon Nutramax's Asserted Patents through Liposomal Sulforaphane products.  Finally, there is a public interest in the efficient enforcement of the policies behind patent infringement laws.  *See Abbot Lab'ys v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006) ("[T]he public is best served by enforcing patents that are likely valid and infringed."); *see also Smith & Nephew, Inc. v. Synthes (U.S.A.)*, 466 F. Supp. 2d 978, 985 (W.D. Tenn. 2006); *Custom Designs of Nashville, Inc. v. Alsa Corp.*, 727 F. Supp. 2d 719, 727 (M.D. Tenn. 2010).

For these reasons, Nutramax is entitled to a permanent injunction due to Optimum's patent infringement.  Pursuant to Fed. R. Civ. P. 62(c), the permanent injunction shall be effective immediately.

### V.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (DN 23) is **GRANTED**, and Plaintiff is entitled to the entry of a judgment against Defendant Optimum Supps Nutrition.  **IT IS FURTHER ORDERED** as follows:

1. Optimum Supps Nutrition, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them are permanently enjoined and restrained from:

---

[1] In support of its motion, Nutramax made a supplemental filing showing that Liposomal Sulforaphane products still being sold online by Optimum as of April 8, 2025.  (Pl.'s Suppl. Filing 2-4, DN 24).

  a. making, using offering for sale, selling, and/or importing into the United States for subsequent sale any Liposomal Sulforaphane products that infringe upon the Asserted Patents or use of any product that infringes upon the Asserted Patents in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized by Plaintiff to be sold;

  b. committing any acts calculated to cause consumers to believe that Optimum Supps Nutrition's Liposomal Sulforaphane products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff and its rights in the Asserted Patents; and

  c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, Liposomal Sulforaphane products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of the Claims in the Asserted Patents.

2. Optimum Supps Nutrition and any third party with actual notice of this Order who is providing services for Optimum Supps Nutrition, or in connection with any of the Optimum Supps Nutrition's Online marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon") and GoSupps.com (collectively, the "Third Party Providers"), shall within **seven (7) calendar days** of receipt of this Order cease:

  a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Optimum Supps Nutrition could continue to sell Liposomal Sulforaphane products that infringe upon the Asserted Patents; and

      b.      operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of Liposomal Sulforaphane products infringing the Asserted Patents or any reproductions, copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to utilize the inventions claimed in the Asserted Patents.

3.      Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within **seven (7) calendar days** after receipt of such notice, disable and cease displaying any advertisements used by or associated with Optimum Supps Nutrition's Liposomal Sulforaphane products and shall stop engaging in any activity involving such infringing goods using the inventions claimed in the Asserted Patents.

4.      Plaintiff shall have the ongoing authority to commence supplemental proceedings under Fed. R. Civ. P. 69.

The Clerk shall strike this matter from the active docket.

*Greg N. Stivers, Chief Judge*
United States District Court

April 28, 2025

cc:    counsel of record